Last revised: August 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: __15-21118__ |
| KATHLEEN LEONARD CASE | Judge: __Kathryn C. Ferguson__ |
| Debtor(s) | |

### Chapter 13 Plan and Motions

☐ Original  ☐ Modified/Notice Required  Date: __September    2017__

☐ Motions Included  ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _KLC_    Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ __2908.75__ per __month__ to the Chapter 13 Trustee, starting on __October 2017__ for approximately __33__ months.    $25,947.00 paid to date.

b. The debtor shall make plan payments to the Trustee from the following sources:

　　☒　Future earnings

　　☐　Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

　　☐ Sale of real property
　　Description:
　　Proposed date for completion: _____

　　☐ Refinance of real property:
　　Description:
　　Proposed date for completion: _____

　　☐ Loan modification with respect to mortgage encumbering property:
　　Description:
　　Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☒ NONE |
|---|---|

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| Part 3: | Priority Claims (Including Administrative Expenses) |
|---|---|

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,243 retainer balance; $5,782.70 & $7,186.36 & $4,450.33 fee orders. |
| State of NJ; Division of Taxation | Priority | $19,325.41 |
| State of NJ; Division of Taxation | Secured | $4,407.53 |
| M&T Bank per order 8/31/17 | Administrative Court fees & costs | $531.00 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M&T Bank | 1st Mortgage/Post petition arrears | $34,088.16 per order 8/31/2017 | 0 | $34,088.16 | $2,032.94 |
| M&T Bank | 1st Mortgage/Pre petition arrears | $28,922.82 | 0 | $28,922.82 | 0 |
| Ethel Snyder | 2nd Mortgage | $5,000 per order dated 3/9/16 | 0 | $5,000 | $450.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Ethel Snyder | 2nd mortgage | $53,187.98 per claim #9 filed 12/2/15 | | M&T Bank | 0 | 0 | $5,000 through Plan per 3/9/16 Order |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:   Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Executory Contracts and Unexpired Leases ☐ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Aaron Sale & Lease Ow |  | Washing machine lease | $79.00/month regular payments outside plan. |  |

6

| Part 7: Motions ☒ NONE |
|---|
| NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served. |
| a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE
The Debtor moves to avoid the following liens that impair exemptions: |

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

| b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE |
|---|
| The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above: |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Ethel Snyder | 2nd mortgage | $53,187.98 | | $5,000 | $48,187.98 per consent order 3/9/16 |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative claims

3) Secured claims

4) Priority claims and unsecured claims.

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:  Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: June 12, 2015                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. Post Petition arrears to M&T Bank to be rolled into Plan $34,088.16.<br>2. March 9, 2016 consent order with Ethel Snyder | 1. Part 4 amended to include M&T Bank post-petition arrears, part 1A modified to increase Trustee payment.<br>2. Revised Part 4a, 4d and 7 c. |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes    ☒ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _Oct 30, 2017_                    _[signature]_
                                        Attorney for the Debtor

Date: _Oct 30, 2017_                    _Kathleen Case_
                                        Debtor

Date: _____                  _____
                                        Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _Oct 30, 2017_  _[signature]_
　　　　　　　　　　　　　　　　　Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _Oct 30, 2017_  _Kathleen Case_
　　　　　　　　　　　　　　　　　Debtor

Date: _____  _____
　　　　　　　　　　　　　　　　　Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:   Case No. 15-21118-KCF
Kathleen Leonard Case   Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3   User: admin   Page 1 of 2   Date Rcvd: Nov 01, 2017
                     Form ID: pdf901   Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 03, 2017.
```
db            +Kathleen Leonard Case,   1849 South Clinton Avenue,    Trenton, NJ 08610-6206
cr             Dept of Treasury State of New Jersey,    PO Box 245,    Trenton, NJ  08695-0245
515565801     +A-1 Collections Svc,   101 Grovers Mill Rd Ste,    Lawrenceville, NJ 08648-4706
515565802    ++AARON S INC,    PO BOX 100039,    KENNESAW GA 30156-9239
              (address filed with court: Aaron Sales & Lease Ow,   1015 Cobb Place Blvd.,
               Kennesaw, GA 30144)
515565804      Capital Collection Svc,    300 N Route 73,    West Berlin, NJ 08091
515565805     +Ethel Snyder,    835 East Drive,    Bordentown, NJ 08505-1905
515565806     +Ethel Snyder,    c/o Seelig and Rednor,    984 South Broad Street,    Trenton, NJ 08611-2008
515565807     +First Premier Bank,    601 S Minnesota Ave,    Sioux Falls, SD 57104-4868
515565808      George C's Tavern LLC,    1849 South Clinton Avenue,    Trenton, NJ 08610-6206
515645996     +Ginny's,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
515565811     +Kivitz McKeever Lee, PC (M&T Bank v Case,   216 Haddon Avenue,    Suite 406,
               Collingswood, NJ 08108-2812
515565812     +Lhr Inc,    56 Main Street,    Hamburg, NY 14075-4905
515565815      New Jersey Attorney General Office,    Division of Law,    Hughes Justice Complex,
               25 Market St., PO Box 112,    Trenton, NJ 08625-0112
515565816     +New Jersey Department of Labor,    PO Box 379,    Divison of Employer Accounts,
               Trenton, NJ 08625-0379
515565817     +Ocwen Loan Servicing L,    12650 Ingenuity Dr,    Orlando, FL 32826-2703
516835242    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,    Department of Treasury,
               Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
515565818     +Seventh Avenue,    1112 7th Ave,    Monroe, WI 53566-1364
515565820      State of New Jersey Department of Labor,    PO Box 951,    Trenton, NJ 08625-0951
515565821     +United States Attorney General,    US Dept. of Justice,    Ben Franklin Station,    PO Box 683,
               Washington, DC 20044-0683
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Nov 01 2017 22:42:34     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 01 2017 22:42:29     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
515565803     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Nov 01 2017 22:43:00
               Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd.,    5th Floor,
               Attn: John McCarthy, Asset Manager,    Miami, FL 33146-1837
515856820      E-mail/Text: cio.bncmail@irs.gov Nov 01 2017 22:42:07     IRS,
               955 S. Springfield Ave., Bldg. A,    Springfield, NJ  07081
515565810      E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 01 2017 22:42:50     Jefferson Capital Systems,
               16 Mcleland Rd,    Saint Cloud, MN 56303
515770477      E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 01 2017 22:42:50     Jefferson Capital Systems LLC,
               Po Box 7999,    Saint Cloud Mn 56302-9617
515565813      E-mail/Text: camanagement@mtb.com Nov 01 2017 22:42:19     M&T Bank,    PO Box 1288,
               Buffalo, NY 14240-1288
515565814     +E-mail/Text: Bankruptcies@nragroup.com Nov 01 2017 22:43:33     National Recovery Agen,
               2491 Paxton St,    Harrisburg, PA 17111-1036
515770404     +E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 01 2017 22:42:50     Premier Bankcard, Llc,
               c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
515565818     +E-mail/Text: bankruptcy@sccompanies.com Nov 01 2017 22:43:38     Seventh Avenue,    1112 7th Ave,
               Monroe, WI 53566-1364
515565822     +E-mail/Text: usanj.njbankr@usdoj.gov Nov 01 2017 22:42:34     United States Attorney Office,
               970 Broad Street,    Suite 700,    Peter Rodino Federal Building,    Newark, NJ 07102-2527
515565823     +E-mail/Text: bnc-bluestem@quantum3group.com Nov 01 2017 22:43:09     Webbank/fingerhut Fres,
               6250 Ridgewood Rd,    Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 12
```

     ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
cr*           +Ethel Snyder,    835 East Drive,    Bordentown, NJ 08505-1905
515565809*     Internal Revenue Service,    P.O. Box 7346,    Philadelphia, PA 19101-7346
515565819*    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,    Division of Taxation-Bankruptcy Section,
               50 Barrack St. 9th floor,    PO Box 245,    Trenton, NJ 08646-0245)
                                                                                   TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

```
District/off: 0312-3              User: admin              Page 2 of 2              Date Rcvd: Nov 01, 2017
                                  Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 03, 2017                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 31, 2017 at the address(es) listed below:
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Albert   Russo (NA)    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Allen I Gorski    on behalf of Debtor Kathleen Leonard Case agorski@gorskiknowlton.com
          Denise E. Carlon    on behalf of Creditor   M&T Bank dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Howard S. Rednor    on behalf of Creditor Ethel   Snyder sandrlaw@verizon.net
          Joshua I. Goldman    on behalf of Creditor   M&T Bank jgoldman@kmllawgroup.com,
           bkgroup@kmllawgroup.com
                                                                                                TOTAL: 7
```